UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

SAMUEL BARROW,

    Plaintiff,

vs.

DAYTON LIVING WORD, *et al*.,

    Defendants.

Case No. 3:22-cv-227

District Judge Michael J. Newman,
Magistrate Judge Peter B. Silvain, Jr.

**ORDER: (1) DISMISSING WITH PREJUDICE PLAINTIFF'S 42 U.S.C. § 1981 CLAIMS PURSUANT TO 28 U.S.C. § 1915(e)(2); (2) DISMISSING WITHOUT PREJUDICE PLAINTIFF'S REMAINING STATE-LAW CLAIMS FOR LACK OF SUPPLEMENTAL JURISDICTION; (3) DENYING AS MOOT PLAINTIFF'S MOTION TO TRANSFER (Doc. No. 5); (4) DENYING A CERTIFICATE OF APPEALABILITY; (5) CERTIFYING THAT ANY APPEAL WOULD BE OBJECTIVELY FRIVOLOUS AND FINDING THAT *IN FORMA PAUPERIS* STATUS SHOULD BE DENIED ON APPEAL; AND (6) TERMINATING THE CASE ON THE DOCKET**

This civil case is before the Court for a *sua sponte* review—pursuant to 28 U.S.C. § 1915(e)(2)—of *pro se* Plaintiff Samuel Barrow's complaint.[1] Doc. No. 4. *Sua sponte* review is warranted because the Court previously granted Plaintiff's motion for leave to proceed *in forma pauperis*. Doc. No. 1. *Sua sponte* review occurs before issuance of process "so as to spare prospective defendants the inconvenience and expense of answering . . . [frivolous, malicious, or repetitive] complaints." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989) ("[A] litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic

---

[1] In conducting an initial review under § 1915, the Court accepts a *pro se* plaintiff's allegations as true and "construe[s] filings by *pro se* litigants liberally." *Owens v. Keeling*, 461 F.3d 763, 776 (6th Cir. 2006) (citing *Spotts v. United States*, 429 F.3d 248, 250 (6th Cir. 2005)). However, while *pro se* pleadings are "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam), *pro se* plaintiffs must still satisfy basic pleading requirements. *See Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010).

incentive to refrain from filing frivolous, malicious, or repetitive lawsuits."). Plaintiff names the following Defendants: (1) Dayton Living Word Ministries ("Dayton Living Word"); (2) Jackie Murray and Pat Murray (collectively, "the Murrays"); (3) Steven Justice, Esq.; and (4) the Law Offices of Dungan & LeFevre ("Dungan & LeFevre"). Doc. No. 4 at PageID 32–33. He raises 28 U.S.C. § 1981 claims and state-law tort claims. *Id.* at PageID 34–35.

Although Plaintiff previously litigated these same claims with the assistance of counsel in lawsuits filed in state and federal court—resulting in dismissal of both lawsuits—he now seeks to relitigate them *pro se*. *See Barrow v. Living Word Church*, No. 3:15-cv-341, 2016 WL 5080416, at *9 (S.D. Ohio Sept. 16, 2016); *Samuel Barrow v. Living Word Dayton*, No. 2017 CV 02301 (Montgomery Cnty. Ct. Com. Pl. July 29, 2022). Plaintiff did not appeal those dismissals, and he now adds attorney Steven Justice and the law firm Dungan & LeFevre as Defendants to the present complaint. Doc. No. 4 at PageID 34–35. Plaintiff also moved to have this case transferred to Judge Walter H. Rice. Doc. No. 5.

**I.**

In conducting a § 1915(e)(2) *sua sponte* review, a complaint should be dismissed as frivolous if it lacks an arguable basis in law or fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke*, 490 U.S. at 325. A complaint sets forth no arguable factual basis where the allegations are "fantastic or delusional." *Neitzke*, 490 U.S. at 328; *see Lawler v. Marshall*, 898 F.2d 1196, 1199 (6th Cir. 1990) ("Examples of claims lacking rational facts are prisoner petitions asserting that Robin Hood and his Merry Men deprived prisoners of their access to mail or that a genie granted a warden's wish to deny prisoners any access to legal texts."); *cf. Ashcroft v. Iqbal*, 556 U.S. 662, 696 (2009) (Souter, J., dissenting) (noting that courts need not accept as true "allegations that are sufficiently fantastic to deny reality as we know it: claims about little green men, or the plaintiff's recent trip to Pluto, or experiences in time travel"). A complaint presents no arguable

legal basis by advancing "indisputably meritless" legal theories, *i.e.*, when the defendant is immune from suit or when the plaintiff claims a violation of a legal interest that clearly does not exist. *Neitzke*, 490 U.S. at 327; *see Brown v. Bargery*, 207 F.3d 863, 866 (6th Cir. 2000). Yet, at this early stage of the case, Plaintiff's non-delusional factual allegations are accepted as true and his *pro se* complaint is liberally construed in his favor. *See Waskul v. Washtenaw Cnty. Cmty. Mental Health*, 979 F.3d 426, 440 (6th Cir. 2020).

Courts may also dismiss a complaint *sua sponte* for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). A complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (citation omitted). A claim is plausible where "plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* A plausible complaint raises "more than a sheer possibility that a defendant has acted unlawfully." *Id.*

## II.

Plaintiff's complaint raises no more than a "sheer possibility" that Defendants have "acted unlawfully" under 42 U.S.C. § 1981. *Id.* The Court reviews "claims of alleged race discrimination brought under § 1981 under the same standards as claims of race discrimination brought under Title VII." *Watkins v. BLM Cos., LLC*, --- F. Supp. 3d ---, No. 2:22-cv-390, 2022 WL 17414969, at *8 (S.D. Ohio Dec. 5, 2022) (citing *Tennial v. United Parcel Serv., Inc.*, 840 F.3d 292, 302 (6th Cir. 2016)); *see also, e.g.*, *Johnson v. Univ. of Cincinnati*, 215 F.3d 561, 573 n.5 (6th Cir. 2000). Plaintiff's complaint "must allege sufficient factual content from which a court, informed by its judicial experience and common sense, could draw the reasonable inference that [Defendants] discriminate[d] against [Plaintiff] with respect to [his] compensation, terms, conditions, or privileges of employment, because of [his] race . . . ." *Keys v. Humana, Inc.*, 684 F.3d 605, 610

3

(6th Cir. 2012) (citations and internal quotation marks omitted). Here, Plaintiff makes no allegation "that would allow this Court to infer that discrimination based on race . . . was a factor in Plaintiff's failure to obtain employment . . . ." *Santifer v. Ann Arbor Pub. Sch. Dist.*, No. 18-cv-11446, 2018 WL 6649988, at *3 (E.D. Mich. Dec. 19, 2018); *see also, e.g.*, *Johnson v. United Airlines, Inc.*, No. 20-10210, 2021 WL 1112707, at *4–5 (E.D. Mich. Feb. 8, 2021) (dismissing racial discrimination claims where the *pro se* plaintiff merely pleaded that she was "treated differently and negatively by Defendant . . . based upon her race"). Moreover, Plaintiff's § 1981 claims are barred for the following, additional reasons: (1) *res judicata* because he lost on the merits in his federal lawsuit raising identical claims against Defendants and their privies, *see, e.g.*, *Vore v. McCluskey*, No. 3:21-cv-215, 2022 WL 3446345, at *3–4 (S.D. Ohio Aug. 17, 2022); and (2) failure to adhere to Fed. R. Civ. P. 8(a) because, after liberally construing his complaint in his favor, the Court cannot identify his employment relationship with Defendants or whether he was a member of a class protected by § 1981. *See, e.g.*, *Williams v. W. Union Co.*, No. 3:06-1213, 2007 WL 1849963, at *1–2 (M.D. Tenn. June 25, 2007). Thus, his § 1981 claims are meritless and shall be dismissed with prejudice.

"When all federal claims are dismissed before trial, the balance of considerations usually will point to dismissing the state[-]law claims, or remanding them to state court if the action was removed." *See Gamel v. City of Cincinnati*, 625 F.3d 949, 952 (6th Cir. 2010) (citations omitted). Plaintiff's federal claims fail to advance beyond initial review, so the balance of considerations counsel against exercising supplemental jurisdiction over his remaining state-law claims. *See, e.g.*, *Donaldson v. City of Dayton Ohio Police Dep't*, No. 3:22-cv-368, 2023 WL 2925124, at *6 (S.D. Ohio Apr. 13, 2023), *report & recommendation adopted*, 2023 WL 3205208, at *1 (S.D. Ohio May 2, 2023). Accordingly, the Court declines to exercise supplemental jurisdiction over

Plaintiff's state-law claims.

Because the above leads to dismissal of Plaintiff's complaint, his motion to transfer is moot. Doc. No. 5.

### III.

Accordingly, Plaintiff's 42 U.S.C. § 1981 claims are **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2). Doc. No. 4. Plaintiff's remaining state-law claims are **DISMISSED WITHOUT PREJUDICE** for a lack of supplemental jurisdiction. *See* 28 U.S.C. § 1367(c)(3). Plaintiff's motion to transfer (Doc. No. 5) is **DENIED AS MOOT**. The Court hereby **CERTIFIES**, under 28 U.S.C. § 1915(a)(3), that an appeal in this case would be objectively frivolous and not taken in good faith. Consequently, Plaintiff should be denied leave to proceed *in forma pauperis* on appeal. This case is **TERMINATED** on the docket.

**IT IS SO ORDERED.**

August 29, 2023 s/Michael J. Newman
Hon. Michael J. Newman
United States District Judge